■ In the Matter of JOHN DOE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [757 NYS2d 183] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Flaherty, J.), entered July 18, 2001, which denied the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the proceeding is dismissed.

Memorandum: Petitioner commenced this proceeding challenging his classification as a level three risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*) and seeking reclassification. Supreme Court erred in denying the petition and instead should have dismissed this proceeding as moot pursuant to *Doe v Pataki* (3 F Supp 2d 456 [1998]).

Petitioner was convicted of various crimes in 1981 and was released to parole supervision on March 23, 1995. Without prior notice, petitioner was presented with a completed risk assessment instrument on February 6, 1996 pursuant to SORA, which act became effective on January 21, 1996. By its terms, SORA applied to sex offenders on conditional release or parole (*see* Correction Law § 168-g [1]).

In *Doe,* which was decided in 1998, one class of the plaintiffs

therein was convicted sex offenders on probation or parole on the effective date of SORA who had administratively been given risk level classifications. The District Court determined that the procedural due process rights of those plaintiffs had been denied because "[t]heir risk level classifications were assigned without even the most fundamental elements of due process— notice and an opportunity to be heard" (*Doe,* 3 F Supp 2d at 473; *see also People v David W.*, 95 NY2d 130, 138-140 [2000]). The court, inter alia, permanently enjoined the defendants in *Doe*, along with "their agents, employees, and all persons acting in concert with them[,] * * * from classifying members of the Probationer-Parolee class at higher than risk level one unless and until they are reclassified by a court in accordance with procedures that satisfy the requirements of due process" (*Doe,* 3 F Supp 2d at 479). Here, there has been no such reclassification proceeding and respondent concedes on appeal that petitioner is deemed a risk level one by virtue of the decision in *Doe*, without the necessity for the petition herein. We therefore reverse the judgment and dismiss the proceeding. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.