OPINION OF THE COURT
Patrick J. McGrath, J.
*795 Defendant brings a motion to reargue based on this court’s decision dated November 14, 2005, which found that there was evidence presented to the grand jury to support all three counts of the indictment, and there was no defect in the grand jury proceeding warranting dismissal of any of the counts.
Defendant contends that “Count Three of the Indictment . . . [is] legally insufficient, upon the ground that the Court misapplied the decision in Doe v Pataki, 3 F.Supp.2d 456 (SONY 1998),” pursuant to CPLR 2221 (d). The People opposed the motion.
The facts, as stated in defendant’s affirmation in paragraph 7 and which are uncontroverted by the People, are as follows. The defendant was convicted of sexual abuse in the first degree on December 10, 1993. The New York State Sex Offender Registration Act took effect in January 1996. The defendant was incarcerated at the time the act took effect, and was released on parole supervision on or about December 12, 1997. In anticipation of his release to parole supervision, defendant registered with the Division of Criminal Justice Services, and was given a risk level of three. This court held a reclassification hearing on March 16, 2005, pursuant to the dictates of Doe v Pataki (3 F Supp 2d 456 [US Dist Ct, SD NY 1998]). The incident alleged in count three of the indictment occurred on May 18, 2005. Defendant, a level three sex offender, having a duty to personally verify his address with the local law enforcement agency every 90 days, failed to so verify. Defendant contends that the People in this case agreed that Doe’s injunction applies to the defendant insofar as he was incarcerated on January 21, 1996. The People in fact say, in relation to the paragraph referred to by defendant, that
“the Stipulation and Settlement in Doe stated that the State was enjoined from classifying at a risk level higher than one for purposes of community notification, those plaintiffs who are incarcerated on January 21, 1996 and who had their risk level determined by the original sentencing court prior to February 1, 2000, unless they had been classified by a court in accordance with procedures that satisfy the requirements of due process out [sic] in Doe v Pataki, 3 F.Supp.2d 456 (SDNY 1998).” (People’s affirmation in response para 11.)
Defendant contends that the classification of risk level one was for all purposes, including the personal validation of defendant’s address pursuant to Correction Law § 168-f (3) and *796 that therefore that requirement did not apply to defendant until after his reclassification hearing of March 16, 2005, and therefore defendant could not be charged with a violation of the section, the basis of which is count three of the indictment.
The court, agreeing with the People, finds that the injunction in Doe v Pataki relates only to the community notification provisions of the Sex Offender Registration Act. Doe v Pataki, the decision that is the foundation for defendant’s present motion, consists actually of three separate decisions. In the first one, the court concluded:
“Defendants, their agents, employees, and all persons acting in concert with them are hereby preliminarily enjoined from enforcing the public notification provisions of New York’s Sex Offender Registration Act, Article 6-C of the New York Correction Law, including §§ 168-Z(6)(b, c), 168-p, and 168-q, against persons whose ‘sexual offense’ occurred before January 21, 1996.” (Doe v Pataki, 919 F Supp 691, 702 [US Dist Ct, SD NY 1996] [emphasis added], revd 120 F3d 1263 [US Cir Ct, 2d Cir 1997], cert denied 522 US 1122 [1998], on remand 3 F Supp 2d 456 [1998].)
In a second case, the same court later concluded that
“[t]he Clerk of the Court shall enter judgment as follows: (i) in favor of plaintiffs on their claim that retroactive application of the notification provisions of the Act would violate the Ex Post Facto Clause; (ii) permanently enjoining defendants, their agents, employees, and all persons acting in concert with them from enforcing the public notification provisions of the Act, including §§ 168-Z (6)(b) and (c), 168-p, and 168-q, against persons who committed their crimes before January 21, 1996” (Doe v Pataki, 940 F Supp 603, 631 [US Dist Ct, SD NY 1996] [emphasis added], affd in part and revd in part 120 F3d 1263 [US Cir Ct, 2d Cir 1997], cert denied 522 US 1122 [1998], on remand 3 F Supp 2d 456 [1998]).
Finally, the same court, after remand by the Second Circuit Court of Appeals (see above), stated: “Plaintiffs again moved for a temporary restraining order, this time seeking an order enjoining application of the notification provisions to both the Probationer-Parolee class and the Proposed Additional class” (Doe v Pataki, 3 F Supp 2d 456, 466 [1998] [emphasis added]; see also, ibid. at 474), which class was “comprised of individuals *797 who were incarcerated on January 21, 1996, but who have been or will be released from custody and assigned risk level classifications at judicial hearings pursuant to § 168-n of the Act.” (Doe v Pataki, 3 F Supp 2d 456, 459 [1998] [referring to the group which encompasses the defendant in this case].) The court concludes with the following order:
“With respect to the members of the Proposed Additional class, plaintiffs’ motion for leave to amend the complaint and their motion for a preliminary injunction are also granted. Defendants, their agents, employees, and all persons acting in concert with them are hereby preliminarily enjoined, pending final resolution of this action, from classifying members of the Proposed Additional class at higher than risk level one unless and until they are reclassified by a court in accordance with procedures that satisfy the requirements of due process as set forth above.” (Ibid. at 479.)
Any language in the above order of the court referring to the court’s mandating of “risk level one” must be seen in light of the totality of the decision (and the prior decisions), requesting a preliminary injunction related to the notification provisions only, and the granting of that request by the court. (See also, People v Wing Dong Moi, 8 Misc 3d 1012[A], 2005 NY Slip Op 51068[U], *11 n 11 [NY County Ct 2005] [which states, in relevant part, that “(d)issemination (of the name of the defendant, his exact address, and a picture of him) has been stayed pending redetermination. Doe v. Pataki, 3 F. Supp. 2d 456 (1998)”].)
The court notes defendant’s reliance on the case of Matter of Doe v New York State Div. of Parole (303 AD2d 973 [4th Dept 2003]). That case is distinguishable because the respondent there “concedes on appeal that petitioner is deemed a risk level one” (ibid. at 974). No analysis was done on the trilogy of cases making up Doe v Pataki, and therefore the issue of whether those cases refer only to the notification provisions or not was never addressed. The court therefore does not find it controlling in the case at bar.
Based on all of the above, the court denies defendant’s motion to reargue, and affirms its previous decision that count three of the indictment is a factually and legally valid count.