*116 OPINION OF THE COURT
Memorandum.
Order reversed without costs and motion to adjudicate defendant a level one sex offender granted.
Following a plea of guilty to attempted possession of a sexual performance by a child (Penal Law §§ 110.00, 263.16), defendant was sentenced in October 1999 to three years’ probation. At the time of sentencing, the court did not conduct a hearing pursuant to the Sex Offender Registration Act (SORA) to determine defendant’s level of classification. Following completion of his sentence, defendant moved, pursuant to CPL 440.10, to vacate the judgment of conviction. The court, by order dated October 12, 2004, denied the motion and this court, by order dated February 4, 2005, denied defendant’s application for leave to appeal. On May 11, 2006, a hearing was held to determine defendant’s sex offender status and level of classification. The People recommended that defendant be classified as a level one offender, the lowest level. Following the hearing, at which both defendant and his wife testified, the court, in its order and decision dated May 13, 2006, found that as of the date of sentencing, October 21, 1999, defendant should have been declared a level one offender and that the failure of the court to hold a hearing during the intervening seven-year period violated defendant’s constitutional rights. The court denied the People’s motion to classify defendant as a sex offender and ordered that defendant’s name be eliminated from the sex offender registration list and the records of the state modified accordingly.
Defendant’s plea to attempted possession of a sexual performance by a child (Penal Law §§ 110.00, 263.16) rendered him a sex offender (Correction Law § 168-a [1], [2]) and subject to the registration requirements of SORA (Correction Law art 6-C).
The act provides that the court “shall certify” as a sex offender any person convicted of a “sex offense” listed under Correction Law § 168-a (2) (Correction Law § 168-d [1] [a]) and further requires a sex offender to register with the Division of Criminal Justice Services after being placed on probation (Correction Law § 168-d [2]). The failure to advise the defendant that he would be required to register does not undermine the voluntariness of his plea, since SORA was not intended to effect punishment but, rather, to protect communities from the danger posed by sex offenders (see People v Coss, 19 AD3d 943 [2005], lv denied 5 NY3d 805 [2005]).
*117 Where, as in the case at bar, defendant received a sentence of probation, it was the “duty of the court ... to determine the level of notification” depending on the numerical risk level assigned by the court in accordance with the guidelines established by the Board of Examiners in subdivision (5) of section 168-Z (Correction Law § 168-d [3]). Thus, the court was required to make a determination as to defendant’s classification as a level one, two or three offender. The act does not authorize a court to excuse a defendant convicted of a “sex offense” from registering as a sex offender. Thus, the court erred in not classifying defendant as a sex offender and, under the circumstances presented herein, to a level one classification.
The court’s finding that the seven-year delay in classification violated his constitutional rights was improper. The Sex Offender Registration Act is regulatory, rather than criminal, in nature and not intended to effect punishment (see People v Stevens, 91 NY2d 270, 274-275 [1998]; People v Clark, 261 AD2d 97 [2000], lv denied 95 NY2d 833 [2000]; see also Doe v Pataki, 120 F3d 1263, 1277-1278 [2d Cir 1997], cert denied 522 US 1122 [1998]). It requires a sex offender placed on probation to register with the Division of Criminal Justice Services within 10 calendar days (Correction Law § 168-f [1]).
Both the United States Constitution and the New York Constitution provide that no person shall be deprived of life, liberty or property without due process of law (US Const, 14th Amend, § 1; NY Const, art I, § 6). The Due Process Clause contains both a procedural and substantive component. The procedural aspect of the Due Process Clause requires that, prior to a deprivation of life, liberty or property, a person must be afforded due notice and an opportunity to be heard (Mathews v Eldridge, 424 US 319, 333 [1976]). Substantive due process protects individuals against government action that is arbitrary, conscience shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised (see Lowrance v Achtyl, 20 F3d 529, 537 [2d Cir 1994]).
In the case at bar, there is no claim that defendant was not afforded procedural due process. In any event, such a claim would lack merit, as defendant was provided with full notice, an opportunity to be heard, a right to counsel, prehearing discovery and a right to appeal. In addition, the People set forth facts supporting the risk factors by clear and convincing evidence (see Doe v Pataki, 3 F Supp 2d 456, 471-472 [1998]). For state action to be taken in violation of the requirements of substantive due *118 process, the denial must have occurred under circumstances that are so outrageously arbitrary as to constitute gross abuse of governmental authority (see County of Sacramento v Lewis, 523 US 833, 845-846 [1998]; Harlen Assoc. v Incorporated Vil. of Mineola, 273 F3d 494, 505 [2d Cir 2001]; Natale v Town of Ridgefield, 170 F3d 258, 263 [2d Cir 1999]).
Here, the court inadvertently neglected to hold a hearing to determine defendant’s level of classification at the time of sentencing. As a result, defendant was not assessed during the approximate seven-year period between the date of sentencing and the instant hearing. The delay, although unfortunate and not in conformity with the act, was not so arbitrary or outrageous as to constitute a gross abuse of governmental authority and deprive defendant of substantive due process (see Doe v Pataki, 120 F3d 1263, 1284-1285 [1997], supra [wherein the court reasoned that SORA is civil in nature and that its provisions therefore may be imposed retroactively upon past convictions for sex offenses]; see also Smith v Doe, 538 US 84 [2003] [wherein the Court rejected a claim that retroactive application of Alaska’s sex offender statute violates the Ex Post Facto Clause of the United States Constitution (US Const, art I, § 10 [1])]; see also Matter of Doe v New York State Div. of Parole, 303 AD2d 973 [2003]).
Rudolph, PJ., LaCava and Emerson, JJ., concur.