[846 NYS2d 541]

The People of the State of New York, Respondent, v Clarence A. Johnson, Appellant.

Fourth Department, November 23, 2007

APPEARANCES OF COUNSEL

*Gary A. Horton, Public Defender*, Batavia (*Bridget L. Field* of counsel), for appellant.

*Lawrence Friedman, District Attorney*, Batavia (*David E. Gann* of counsel), for respondent.

## OPINION OF THE COURT

GORSKI, J.P.

In October 2005, the then-47-year-old defendant admitted to the police that he intentionally downloaded onto his computer pornography involving images of 13- or 14-year-old children that made him sexually excited for the purposes of masturbation. Defendant was arrested following his confession to the police, which included an admission to having downloaded pornography for several years and to having viewed pornography involving much younger children as well. Defendant was charged with 11 felonies pursuant to Penal Law article 263 but, in February 2006, defendant pleaded guilty to a single count of attempted promoting a sexual performance by a child (Penal Law §§ 110.00, 263.15), as a lesser included offense of the eleventh count of a superior court information. As part of the plea, defendant admitted that he knowingly procured and possessed on his computer pornographic images of a child less than 17 years of age engaging in sexual conduct. Defendant was sentenced to 10 years of probation, subject to numerous conditions designed to limit his contact with children and pornography.

Prior to defendant's hearing pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), a risk assessment instrument (RAI) was prepared, pursuant to which defendant was presumptively classified as a level two risk based upon the total risk factor score of 100. The RAI did not contain any overrides, nor did it recommend a departure from that presumptive level two classification. All 100 points were assessed under the category of "CURRENT OFFENSE(S)" and included an assessment of 30 points under risk factor 3 for "[t]hree or more" victims because more than two children were depicted in the computer files possessed by defendant. The RAI also assessed 20 points under risk factor 4 for "[d]uration of offense conduct with victim," indicating that defendant had engaged in a "[c]ontinuing course of sexual misconduct." Under

risk factor 5, defendant was assessed 30 points for victims aged "10 or less." Lastly, defendant was assessed 20 points under risk factor 7 because his relationship with the "victim" was as a "[s]tranger or established for purpose of victimizing or professional relationship."

The central issue at the SORA hearing, conducted in May 2006, was whether the children, depicted in pornography and viewed by a defendant with whom they otherwise had no contact, were properly considered to be "victims" of defendant's crime. Without citing any relevant authority, County Court determined that the children depicted in the images were victims for purposes of SORA, and that their number, ages, and other characteristics could be considered by the court in evaluating defendant's risk level. The court then presumptively classified defendant as a level two risk in accordance with the RAI.

As the People correctly concede, defendant was improperly assessed 20 points under the risk factor based upon the duration of the conduct with the victim given the lack of any "continuing course of sexual contact" between defendant and any victim (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [Nov. 1997]; *see People v Costello*, 35 AD3d 754, 755 [2006]; *see also People v Whalen*, 22 AD3d 900, 902 [2005]). The reduction of 20 points, however, does not change defendant's presumptive classification as a level two risk.

Contrary to the contention of defendant, the court properly assessed points under risk factors 3, 5, and 7, relating to the number and ages of the victims and his relationship or lack of relationship with them. Upon his conviction of attempted promoting a sexual performance by a child, defendant was properly classified as a sex offender (*see* Correction Law § 168-a [1], [2] [a] [i]), and he thus became subject to the registration requirements of SORA and a judicial determination of his appropriate risk level (*see People v Meyers*, 16 Misc 3d 115, 116 [2007]; *see generally People v Brown*, 5 Misc 3d 529, 531 [2004]). Although the Legislature failed to define the term "victim" in either SORA or Penal Law article 263, the case law interpreting the interplay of SORA and Penal Law article 263 indicates that the unnamed, underage children whose images were viewed by defendant are to be considered "victims" for the purposes of SORA.

In *Matter of North v Board of Examiners of Sex Offenders of State of N.Y.* (8 NY3d 745, 747 [2007]), the Court of Appeals was

faced with the issue whether a person convicted of the federal offense of "possession of child pornography" was subject to the registration requirements of SORA. In determining that issue, the Court considered whether the federal offense of which defendant was convicted contained " 'all of the essential elements' " of a New York offense that is subject to the requirements of SORA (*id.* at 749). The federal sex offense of which the defendant in *North* was convicted was not identical to any New York offense (*see id.* at 748). The Court noted that the Appellate Division discussed the differences in the federal statute and Penal Law article 263 by specifically examining "the *victim* age provisions in the federal and New York offenses" (*id.* [emphasis added]). The Court referred to "*victim* age" distinctions several times throughout its discussion (*id.* at 750, 754 [emphasis added]), thus providing some support for the People's contention that the children depicted in the images viewed by defendant should indeed be considered the victims of defendant's crime.

In *New York v Ferber* (458 US 747 [1982]), the Supreme Court examined the constitutionality of Penal Law § 263.15. In reaching its determination that the statute was constitutional, the Court noted that, in enacting statutes prohibiting child pornography, state legislatures have recognized that "the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child" (*id.* at 758). The Court also cited the opinion of an expert who averred:

> " '[P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him [or her] in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography' " (*id.* at 759 n 10).

Thus, it appears that the case law supports the proposition that the children depicted in pornography are the victims of those viewing their images. If that were not so, the Legislature would have had no reason to categorize each offense defined by Penal Law article 263 as a " '[s]ex offense' " for purposes of SORA (Correction Law § 168-a [2] [a] [i]; *see* § 168-d [1] [a]). Morever, a victim has been defined in relevant part as "[o]ne who is harmed by or made to suffer from an act, circumstance,

agency, or condition" (American Heritage Dictionary 1917 [4th ed 2000]), and as "[a] person harmed by a crime, tort, or other wrong" (Black's Law Dictionary 1598 [8th ed 2004]). Here, the children whose images were viewed by defendant are objects of his crime because Penal Law § 263.15 criminalizes the promotion of child pornography. The children also suffer from the continued viewing of the pornographic images by defendant and others. Thus, we conclude that the children portrayed in the images criminally promoted by defendant in violation of section 263.15 are properly considered victims for the purposes of SORA.

Accordingly, we conclude that the order should be affirmed.

SMITH, CENTRA, LUNN and PERADOTTO, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed, without costs.