OPINION OF THE COURT
James D. Pagones, J.
The petitioner moves, by order to show cause, for a preliminary injunction staying the commencement of an evidentiary hearing by respondent Alan M. Simon, of the Spring Valley Justice Court, to consider a petition by Keith Meyers, pursuant to Correction Law § 168-o (2) “relieving . . . MEYERS from any further obligation to register as a Sex Offender under the Sex Offender Registration Act.” The underlying petition herein has been instituted pursuant to CPLR article 78 seeking an order of prohibition against Justice Simon to prevent him from holding the scheduled evidentiary hearing to consider Meyers’ status in the sex offender registry and from entering an order relieving Meyers from any further obligation to register as a sex offender.
It has been held that a proceeding for a writ of prohibition should be limited to circumstances where a court “acts or threatens to act either without jurisdiction or in excess of its authorized powers.” (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988].) In instances where an inferior court has jurisdiction but is threatening to exceed its authorized power, prohibition is also appropriate. (Matter of Proskin v County Ct. of Albany County, 30 NY2d 15, 18 [1972].) Although a proceeding for prohibition is not appropriate to review a court’s error of law, it is available to restrain a court from exceeding its authorized powers and to challenge the court’s subject matter jurisdiction over a proceeding. (Matter of Pirro v Angiolillo, 89 NY2d 351, 355 [1996].)
In order to obtain a preliminary injunction, a movant must establish a likelihood of success on the merits, irreparable injury and a balancing of the equities in its favor. (Trimboli v Irwin, 18 AD3d 866, 867 [2d Dept 2005].)
Correction Law § 168-o (2), which Mr. Meyers relies on for his petition before the lower court, provides in pertinent part: “Any sex offender required to register or verify pursuant to this article may petition the sentencing court or the court which made the determination regarding the level of notification for an order modifying the level of notification.”
*548 It is uncontroverted that Mr. Meyers has previously been determined to be a level one sex offender.*
There is no level of notification designated in the statute that is lower than level one so that Meyers’ petition pursuant to Correction Law § I68-0 (2) is really an application to be relieved of any further duty to register. There is no specific provision in Correction Law § 168-0 which permits a level one sex offender to petition to be relieved of any further duty to register. Correction Law § 168-o (1) does permit a level two sex offender, under certain circumstances, to petition for such relief. Respondent Meyers argues that the United States District Court, Eastern District of New York, concluded that the rights set forth in Correction Law § 168-o (2) grant a level one offender “the right to seek a ruling that would relieve the offender from any designation and, thus, any registration requirement.” (Woe v Spitzer, 571 F Supp 2d 382, 386 [ED NY 2008].) That statement, parsed from the decision, is clearly dictum. It is not controlling upon this court. The statute’s plain meaning precludes the sort of petition filed by Meyers.
Under all of the circumstances presented, this court finds that the petitioner has established the likelihood of success on the merits of the underlying petition for a writ of prohibition. Additionally, the petitioner has established that it will suffer irreparable harm because it will be compelled to defend a proceeding that is likely beyond the authority of the presiding justice and petitioner will be required to throw valuable resources at what is likely a futile proceeding with no hope of regaining any of the economic losses incurred. Additionally, any concession that a court may entertain such a petition would open a floodgate of similar applications not anticipated by the statute. When balancing the equities, this court has considered that the issues addressed in the underlying petition for a writ of prohibition are statutory and not equitable and that the unequivocal language of the legislature’s creation of precise procedures, to the exclusion of others, presents little room for consideration of any equities. Under all of the circumstances presented, the court finds that the petitioner is entitled to a preliminary injunction enjoining respondent Alan M. Simon from conducting a hearing to determine whether Keith Meyers’ level of notification should be modified and further enjoining respondent Keith Meyers from bringing that petition before Justice Simon.
*549 The underlying petition herein was served pursuant to the order to show cause of this court dated February 18, 2010. The expedited return date required by the petitioner’s application for a preliminary injunction has prevented the respondents from submitting their verified answer. Therefore, it is ordered that the respondents shall serve and file their verified answer to the petition on or before March 17, 2010. The petitioner may submit a reply, if appropriate, on or before March 29, 2010, at which time the petition will be deemed fully submitted.
The court also considered the oral argument presented by counsel on February 24, 2010.

 16 Misc 3d 115 (App Term, 2d Dept 2007).