■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. POOLE, Appellant. [935 NYS2d 773]—

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We reject defendant's contention that County Court erred in assessing 30 points against him under risk factor 3, for the number of victims. It is well established that children depicted in pornographic images constitute "victims" for the purposes of SORA (*see People v Johnson*, 47 AD3d 140, 142-143 [2007], *affd* 11 NY3d 416 [2008]; *People v Bretan*, 84 AD3d 906, 907 [2011]; *People v Perahia*, 57 AD3d 865 [2008]) and, here, defendant admitted that he possessed approximately 1,900 images and 300 videos depicting child pornography at the time of his arrest. The People therefore established by the requisite clear and convincing evidence that the crime in question involved three or more victims (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]; *see generally* § 168-n [3]; *People v Pettigrew*, 14 NY3d 406, 409 [2010]; *People v Mingo*, 12 NY3d 563, 571 [2009]). There is no merit to defendant's further contention that, inasmuch as he merely possessed child pornography, he should not have been assessed 20 points

under risk factor 7, for a crime that "was directed at a stranger" (Risk Assessment Guidelines and Commentary, at 12; *see Johnson,* 11 NY3d at 419-421). Inasmuch as defendant admitted that he did not know any of the children depicted in the pornographic images, the court properly assessed points under that risk factor (*see Johnson,* 11 NY3d at 419-421; *see generally Mingo,* 12 NY3d at 572).

Finally, we conclude that "defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure" (*People v McDaniel,* 27 AD3d 1158, 1159 [2006], *lv denied* 7 NY3d 703 [2006]; *see People v Fredendall,* 83 AD3d 1545 [2011]), particularly in light of defendant's admission that many of the pornographic images at issue depicted violence (*see generally Bretan,* 84 AD3d at 907-908). Present— Fahey, J.P., Peradotto, Lindley, Green and Gorski, JJ.