Garry, J.
Appeal from an order of the County Court of Albany County (Breslin, J.), entered November 10, 2011, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Following an investigation in Pennsylvania, defendant was found to possess numerous videos and still images of child pornography on his computer. He pleaded guilty in that state to two counts of sexual abuse of children, and moved to New York after his release from prison. Pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the Board of Examiners of Sex Offenders prepared a risk assessment instrument that placed him within the presumptive risk level one category. County Court assessed defendant 30 additional points for risk factor 3 (number of victims) following a hearing, presumptively rendering him a risk level two sex offender. Defendant was so classified, and he appeals.
We affirm. Children depicted in pornographic images may be found to constitute multiple separate victims for the purposes of the Sex Offender Registration Act (see People v Poole, 90 AD3d 1550, 1550 [2011]; see also People v Johnson, 11 NY3d 416, 420 [2008]).* Defendant did not dispute that three or more children were depicted in the images and videos he possessed and, under the circumstances of this case, clear and convincing evidence supports County Court’s assessment of 30 additional points under risk factor 3 (see People v Carroll, 102 AD3d 848, 849 [2013]; People v Poole, 90 AD3d at 1550).
Lahtinen, J.P, Stein and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

 As at least one trial court has recently noted, the Board subsequently issued a “position statement” in June 2012 proposing review of additional factors in future cases, specifically addressing the differences among child pornography offenders (People v Marrero, 37 Misc 3d 429, 443-444 [2012]).