Lahtinen, J.
Appeal from an order of the Supreme Court (Lamont, J.), entered December 5, 2011 in Albany County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
At a hearing to determine defendant’s risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), Supreme Court determined that 30 points under risk factor 3 (number of victims), 30 points under risk factor 5 (age of victim), and 15 points under risk factor 11 (drug or alcohol abuse) should be assessed. The total of 75 points under the SORA risk assessment instrument placed defendant in the low end of the risk level two category. Thereafter, Supreme Court concluded that the above risk factors did not *1388 properly assess the degree of danger that child pornography offenders pose to society, and found clear and convincing evidence in the assessment of the clinical psychologist and the federal presentence report to support an upward departure to a risk level three sex offender classification. Defendant appeals.
Defendant failed to preserve his claim that his due process rights were violated as a result of Supreme Court’s assessment of 30 points under risk factor 3 inasmuch as no objection on that ground was raised before the court (see People v Campbell, 98 AD3d 5, 9 [2012], lv denied 20 NY3d 853 [2012]). In any event, the numerous children depicted in the images were “properly considered victims for the purposes of SORA” (People v Johnson, 47 AD3d 140, 144 [2007], affd 11 NY3d 416 [2008]). However, we do find merit in defendant’s challenge to Supreme Court’s assessment of 15 points under risk factor 11. Neither the federal presentence investigation report nor defendant’s psychological evaluation indicated any pattern of drug or alcohol use in defendant’s history (see People v Arotin, 19 AD3d 845, 848 [2005]). Thus, we cannot conclude that this evidence “establishes] a history of drug or alcohol abuse by clear and convincing evidence” (People v Titmas, 46 AD3d 1308, 1309 [2007]; see People v Irizarry, 36 AD3d 473, 473 [2007]; People v Arotin, 19 AD3d at 848).
Consequently, defendant’s total risk factor score must be reduced by 15 points, which results in a presumptive classification as a risk level one sex offender. Nevertheless, given the proof in the record and the People’s submissions, we deem it appropriate under the circumstances herein to remit the matter to Supreme Court “for consideration of any factors warranting an upward modification” (People v Stewart, 61 AD3d 1059, 1061 [2009]; People v Felice, 100 AD3d 609, 610 [2012]; see also People v Fazio, 106 AD3d 1291 [2013]).
Peters, EJ., Rose and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.