# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

687

KA 12-01691

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

TERRYL NOYES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered March 23, 2012. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.). We reject defendant's contention that County Court erred in assessing points against him under risk factors 3 (number of victims), 7 (relationship between offender and victim), and 12 (acceptance of responsibility—expelled from or refused treatment). With respect to risk factor 12, the case summary establishes that defendant was expelled from his sex offender treatment program for exhibiting "hostility and a poor attitude" and for continuing to deny responsibility for the underlying sex offense. Thus, the court properly assessed defendant 15 points under risk factor 12 (*see People v Lewis*, 37 AD3d 689, 690, *lv denied* 8 NY3d 814; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]). Notably, according to the case summary, defendant's denial of responsibility was made despite his guilty plea, and any danger of self-incrimination was therefore eliminated inasmuch as "defendant has already been prosecuted for the offense" that he would be required to admit in treatment (*People v Paladino*, 46 AD3d 864, 865-866, *lv denied* 10 NY3d 704). With respect to the 30 points assessed under risk factor 3 and the 20 points assessed under risk factor 7, we note that the underlying conviction was a federal offense to which defendant pleaded guilty to receiving child pornography (18 USC 2252 [a] [2]). Although the Court of Appeals has stated that "[i]t does not seem that factor 7 was written with possessors of child pornography in mind" (*People v Johnson*, 11 NY3d 416, 420), the Court

of Appeals determined that points were properly assessed under risk factor 7 in a case where the defendant was convicted of possessing child pornography (*see id.; see also People v Poole*, 90 AD3d 1550, 1550-1551).  Consequently, we conclude that the court here properly assessed points under risk factor 7.  We further conclude that the court properly assessed points under risk factor 3 because there were more than three victims (*see Poole*, 90 AD3d at 1550).

Entered:  July 19, 2013                          Frances E. Cafarell
                                                 Clerk of the Court