Stein, J.
Appeal from an order of the Supreme Court (Lamont, J.), entered January 6, 2012 in Adbany County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2008, defendant pleaded guilty to one count of possessing a sexual performance by a child in full satisfaction of an 18-count indictment and was sentenced to a prison term of 2 to 4 years. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that placed him within the presumptive risk level two category. Following a hearing, Supreme Court assessed additional points in the categories of number of victims, relationship with victims, conduct while confined and acceptance of responsibility, rendering defendant a presumptive risk level three sex offender. Supreme Court so classified defendant, and he now appeals.
We affirm. Defendant argues that Supreme Court improperly assessed the additional points and that he should be classified as a risk level two sex offender, as recommended by the Board. We disagree. Supreme Court is not bound by the Board’s recommendation and may depart therefrom when the facts and cir *1033 cumstances in the record warrant it (see People v Grimm, 107 AD3d 1040, 1042 [2013], lv denied 21 NY3d 1042 [2013]; People v Whyte, 89 AD3d 1407, 1408 [2011]). As to the number of victims, children depicted in pornographic images are properly found to constitute multiple separate victims (see People v Fazio, 106 AD3d 1291, 1291 [2013], lv granted 22 NY3d 852 [2013]; People v Poole, 90 AD3d 1550, 1550-1551 [2011]; People v Johnson, 47 AD3d 140, 144 [2007], affd 11 NY3d 416 [2008]). Inasmuch as there is no dispute in the record before us that defendant possessed pornographic material depicting more than three different children, clear and convincing evidence supports Supreme Court’s assessment of 30 points under this risk factor (see People v Fazio, 106 AD3d at 1291; People v Poole, 90 AD3d at 1550-1551).* The record further reflects that defendant did not know any of the children depicted and, therefore, 20 points were properly assessed under the category concerning defendant’s relationship with the victims (see People v Johnson, 11 NY3d 416, 419-421 [2008]; People v Poole, 90 AD3d at 1551). Further, while the Board considered defendant’s disciplinary record to be satisfactory, Supreme Court was not bound by its recommendation as to this factor (see People v Bush, 105 AD3d 1179, 1181-1182 [2013], lv denied 21 NY3d 860 [2013]), and the assessment of 10 points for conduct while incarcerated is supported by clear and convincing evidence (see id.; People v Catchings, 56 AD3d 1181, 1182 [2008], lv denied 12 NY3d 701 [2009]). Finally, given defendant’s statements set forth in the case summary and presentence investigation report, as well as his discharge from sex offender treatment programs due to unsatisfactory progress, the record supports the assessment of 15 points under the factor concerning acceptance of responsibility (see People v Rogowski, 96 AD3d 1113, 1114 [2012]; People v Legall, 63 AD3d 1305, 1306 [2009], lv denied 13 NY3d 706 [2009]). As a result, defendant’s risk assessment score of 155 fell well within the range of a risk level three sex offender, and we discern no basis to disturb Supreme Court’s classification of defendant as such.
Rose, J.E, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 Even if the points for multiple victims should not have been assessed here, defendant’s presumptive risk assessment score would be 125, which still places him within the risk level three category (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006]).