People v Yingst (2018 NY Slip Op 08843)





People v Yingst


2018 NY Slip Op 08843


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1335 KA 17-01686

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEON YINGST, DEFENDANT-APPELLANT. 






THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Stephen J. Dougherty, A.J.), entered July 12, 2017. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant appeals from an order classifying him as a level two risk. Defendant pleaded guilty to a federal sex offense arising from his possession of, among other things, 3,246 images of child pornography, 553 videos of child pornography, 1,160 images of child erotica, and 4,988 other images of children. Contrary to defendant's contention, although the risk assessment instrument prepared by the Board of Examiners of Sex Offenders (Board) classified defendant as a presumptive level one risk, County Court did not grant an upward departure or improperly employ an automatic override in order to raise defendant's presumptive risk level from a level one to a level two risk. Instead, the court determined that defendant was a presumptive level two risk after it assigned points under risk factor 3 in addition to those also assessed by the Board under risk factors 5, 9, and 11. To the extent that defendant contends that the court erred in assessing defendant 30 points under risk factor 3, we reject that contention. It is well established that "children depicted in pornographic images are each separate victims for purposes of the Sex Offender Registration Act in general and risk factor 3 in particular" (People v Bernecky, 161 AD3d 1540, 1540 [4th Dept 2018], lv denied 32 NY3d 901 [2018] [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 859-860 [2014]; People v Poole, 90 AD3d 1550, 1550 [4th Dept 2011]).
Contrary to defendant's further contention, the court did not abuse its discretion in denying defendant's request for a downward departure from his presumptive risk level (see Bernecky, 161 AD3d at 1541).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court