People v Ayala (2020 NY Slip Op 00731)





People v Ayala


2020 NY Slip Op 00731


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


145 KA 19-00071

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRES AYALA, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Erie County Court (Michael F. Pietruszka, J.), entered July 3, 2018. The order denied the petition to vacate the designation of defendant as a level one risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order denying his petition to vacate his designation as a level one risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). County Court properly denied the petition, which defendant ostensibly made pursuant to Correction Law § 168-o. Contrary to defendant's contention, Correction Law § 168-o (2) does not permit a petition to "vacate" a level one risk designation. That subdivision provides only for "modification" of a risk level (§ 168-o [2]), and downward modification from risk level one is impossible because "SORA does not include a no risk category" (People v Ayala, 72 AD3d 1577, 1578 [4th Dept 2010], lv denied 15 NY3d 816 [2010] [internal quotation marks omitted]). Furthermore, we reject defendant's challenge to the procedures employed by the court in denying the petition. Because the petition submitted by defendant does not constitute "a petition . . . pursuant to subdivision one, two or three [of Correction Law § 168-o]," we conclude that the court was not required to follow the procedures set forth in subdivision four (§ 168-o [4]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court