People v J.F. (2022 NY Slip Op 03973)

People v J.F.

2022 NY Slip Op 03973

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Mazzarelli, Shulman, JJ. 

Ind No. 3327/10 Appeal No. 16146 Case No. 2021-02374 

[*1]The People of the State of New York, Respondent,
v
J.F. , Defendant-Appellant.

Law Office of A. Adam Mehrfar, New York (Arman Adam Mehrfar of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.

Order, Supreme Court, New York County (Miriam R. Best, J.), entered on or about May 21, 2021, which denied defendant's Correction Law § 168-o(2) petition to modify his sex offender classification, unanimously affirmed, without costs.
The court correctly concluded that defendant was ineligible for modification of his sex offender status. Defendant was adjudicated a level one offender on his conviction of unlawful surveillance in the second degree. There is no risk level designated in the statute that is lower than level one. Thus, defendant's petition pursuant to Correction Law § 168-o (2) is really an application to be relieved of any further duty to register, as a purportedly nondangerous offender. However, there is no specific provision in Correction Law § 168-o which permits a level one sex offender to petition to be relieved of any further duty to register (People v Ayala, 179 AD3d 1465, 1465 [4th Dept 2020], lv denied 35 NY3d 908 [2020]; see also People v Wyatt, 89 AD3d 112, 125 [2d Dept 2011], lv denied 18 NY3d 803 [2012]; Matter of Attorney Gen. of the State of N.Y. v Simon, 27 Misc 3d 546, 548 [Sup Ct, Dutchess County 2010]). We recognize that Correction Law § 168-o(1) permits level two sex offenders to petition for relief from their lifetime duty to register. However, this petition can only be made after 30 years of continuous registration (id.). In contrast, for a person who is classified as level one, there is no provision for complete relief from the registration request.
Defendant contends that despite being only a level one offender, he is eligible for relief from registration because of Correction Law § 168-a(2)(e), which uniquely provides the trial court with the discretion to determine that a conviction of unlawful surveillance in the second degree does not require sex offender registration. However, that provision applies at the time of sentencing where, "upon motion by the defendant, the trial court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that registration would be unduly harsh and inappropriate" (People v Lema, 157 AD3d 406, 407 [1st Dept 2018], lv denied 31 NY3d 901 [2018]; see People v Gonzalez, 157 AD3d 409 [1st Dept 2018], lv denied 31 NY3d 901 [2018]). Certification as a sex offender occurs upon conviction, and after consideration of any motion pursuant to Correction Law § 168-a(2)(e). Defendant was certified as a sex offender in 2010 and did not appeal from his judgment of conviction. Accordingly, he is foreclosed from raising this argument now. More pertinently, this provision of the Correction Law does not apply to modification
petitions, which are governed solely by Correction Law § 168-o, and which do not provide the relief defendant seeks.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022