■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MEYER, Appellant. [903 NYS2d 274]—

Peters, J. Appeal from an order of the County Court of Sullivan County (Ledina, J.), entered September 18, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant was charged in a 57-count indictment with numerous sex offenses arising out of his sexual abuse of his twin stepdaughters—one of whom suffers from cerebral palsy—that began when the girls were seven years old and continued over the course of the next six years. Defendant pleaded guilty to rape in the first degree and sodomy in the second degree and was ultimately sentenced to 5 1/3 to 16 years in prison. In connection with his release, County Court classified defendant as a risk level three sexually violent offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). Defendant appeals.

Preliminarily, we disagree with defendant's claim that a downward departure in his sex offender classification would further the interest of justice. Turning to the merits, clear and convincing evidence—in the form of the case summary, the victims' statements and presentence investigation report (*see People v Legall*, 63 AD3d 1305, 1306 [2009], *lv denied* 13 NY3d 706 [2009])—supports County Court's decision to assign 20 points on the risk assessment instrument due to the physical helplessness of one of the victims (*see generally People v Ramirez*, 53 AD3d 990, 990-991 [2008], *lv denied* 11 NY3d 710 [2008]). Further, even were we to agree that County Court improperly assessed defendant 10 points for failing to accept responsibility for his conduct, defendant's resulting score of 125 points would still place him in the risk level three category (*see People v Bateman*, 59 AD3d 788, 789 [2009]). Accordingly, we will not disturb County Court's determination.

Cardona, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.