# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

6
KA 10-00176
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL FAUL, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF
COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------

Appeal from an order of the Oswego County Court (John J. Elliott,
A.J.), entered December 2, 2009.  The order determined that defendant
is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by determining that defendant is a
level two risk pursuant to the Sex Offender Registration Act and as
modified the order is affirmed without costs.

Memorandum:  Defendant appeals from an order determining that he
is a level three risk pursuant to the Sex Offender Registration Act
([SORA] Correction Law § 168 *et seq.*).  We agree with defendant that
the People failed to prove by the requisite clear and convincing
evidence that he had a history of alcohol and drug abuse (*see
generally* § 168-n [3]).  We thus conclude that County Court erred in
assessing 15 points on the risk assessment instrument (RAI) for risk
factor 11, and that his score on the RAI must be reduced from 110 to
95, rendering him a presumptive level two risk.  We therefore modify
the order accordingly.

The case summary presented by the People at the SORA hearing
stated that defendant had previously been asked to leave his father's
house because of alcohol abuse and his lack of a job.  Although the
case summary further stated that defendant was scored "non-alcoholic"
on the Michigan Alcohol Screening test (*cf. People v Johnson*, 77 AD3d
548; *People v Gonzalez*, 48 AD3d 284, *lv denied* 10 NY3d 711), he
nevertheless was recommended for a chemically dependent sex offender
treatment program (*see People v Abrams*, 76 AD3d 1058, 1059), and the
court relied upon defendant's attendance in that program for its
determination that the assessment of 15 points was warranted under
risk factor 11.  The People also presented the presentence report
(PSR), which stated that defendant did not have a history of drug or

alcohol abuse; that he drank alcohol only occasionally; and that his father asked him to leave his residence because of alcohol use. The PSR is consistent with defendant's testimony at the SORA hearing, wherein he denied having a problem with alcohol or drugs, and he further testified that his father did not approve of his consumption of alcohol and that he drank alcohol occasionally with friends and had used marihuana only once or twice when he was 18 years old (*cf. People v Abrams*, 76 AD3d 1058, 1058-1059; *People v Urbanski*, 74 AD3d 1882, *lv denied* 15 NY3d 707; *People v Murphy*, 68 AD3d 832, *lv dismissed* 14 NY3d 812). In addition, defendant testified that he participated in the chemically dependent sex offender treatment program in order to complete his program requirements.

The SORA risk assessment guidelines and commentary for risk factor 11 state that "[a]lcohol and drug abuse are highly associated with sex offending . . . [According to the relevant literature] . . ., it serves as a disinhibitor and therefore is a precursor to offending . . . The category focuses on the offender's history of abuse and the circumstances at the time of the offense. It is not meant to include occasional social drinking" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006 ed]). We note that the fact that alcohol was not a factor in the underlying offense is not dispositive inasmuch as the guidelines further provide that "[a]n offender need not be abusing alcohol or drugs at the time of the instant offense to receive points in this category" (*id.*).

We conclude that the case summary provided "only very limited information about [defendant's] alleged prior history of drug and alcohol abuse" and that the PSR did not provide evidence of a history of alcohol or drug abuse (*People v Mabee*, 69 AD3d 820, 820, *lv denied* 15 NY3d 703). Thus, the People failed to meet their burden of establishing by clear and convincing evidence that defendant had a history of alcohol or drug abuse.

Entered: February 10, 2011                    Patricia L. Morgan
                                              Clerk of the Court