■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO L. MADERA JR., Appellant. [953 NYS2d 385]—

Garry, J. Appeal from an order of the Supreme Court (Lamont, J.), entered March 25, 2011 in Albany County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

While defendant was incarcerated in the Albany County jail on unrelated charges, it was determined that he had established residence in New York and had committed an offense in another jurisdiction that required his registration as a sex offender. Accordingly, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) recommending that defendant be classified as a risk level three sex offender.

Following a hearing, Supreme Court made several adjustments to defendant's risk factor score, but ultimately adopted the Board's recommendation. Defendant appeals, and we affirm.

The proper risk level classification must be established by the People by clear and convincing evidence, which may include reliable hearsay evidence such as a presentence investigation report, risk assessment instrument or case summary (*see People v McFall*, 93 AD3d 962, 963 [2012]; *People v Good*, 88 AD3d 1037, 1037 [2011], *lv denied* 18 NY3d 802 [2011]). Supreme Court's assessment of 10 points for unsatisfactory conduct while under supervision is well supported by defendant's testimony that while on probation in Connecticut, he left the jurisdiction and went to Michigan to visit family without telling his probation officer. Additionally, the record reveals that defendant violated that probation a second time, resulting in a revocation and the imposition of a 33-month prison sentence, and that he formerly violated parole in New York after his incarceration for unrelated charges. The court also properly assessed 15 points for release without supervision, as defendant's testimony and the case summary establish that he was released from confinement in Connecticut in April 2010 with no postrelease supervision. Fifteen points were properly assessed for the number of victims, as the case summary and police records show that—in addition to the two victims that defendant admits to assaulting—he assaulted a third victim, a 14-year-old girl, by kissing her and placing his hand on her buttocks.

We agree with defendant that he was erroneously assessed 15 points for a history of drug and alcohol abuse. While the case summary stated that defendant scored in the alcoholic range on a screening test and completed a substance abuse program "[w]hile in prison in New York State," there is no further information about when and where the test was performed or in which program defendant participated. The only other evidence presented was defendant's conviction for criminal possession of a controlled substance in the seventh degree, which Supreme Court acknowledged did not prove that defendant used drugs. Thus, we find the case summary alone was not sufficient to satisfy the People's burden of establishing that risk factor by clear and convincing evidence (*see People v Mabee*, 69 AD3d 820, 820 [2010], *lv denied* 15 NY3d 703 [2010]; *People v Irizarry*, 36 AD3d 473, 473 [2007]). Nonetheless, subtracting those 15 points results in a score of 155; this lies squarely within the presumptive risk level three category and, accordingly, we decline to disturb Supreme Court's determination (*see People v Meyer*, 75 AD3d 666, 667 [2010]; *People v Mabee*, 69 AD3d at 820).

We have examined defendant's remaining contentions and find them to be unpreserved or without merit.

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.