# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

815
KA 12-01646
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

BENNIE COGER, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Orleans County Court (James P. Punch, J.), entered June 28, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We agree with defendant that the People failed to prove by the requisite clear and convincing evidence that he had a history of alcohol and drug abuse, i.e., risk factor 11 on the risk assessment instrument (RAI) (*see generally* § 168-n [3]; *People v Mingo*, 12 NY3d 563, 571). In the case summary presented by the People at the SORA hearing, the Board of Examiners of Sex Offenders (Board) indicated that defendant was assessed with 15 points on the RAI for a history of alcohol and drug abuse because "Probation identified [defendant's] continued drug and alcohol use as problematic, and he refused to attend treatment for th[at] problem." The presentence investigation report, upon which the Board relied for the 15-point assessment, stated merely that "[i]ssues identified by Probation included continued drug and alcohol use" and that defendant refused substance abuse treatment. There is, however, no evidence that defendant was ever screened for substance abuse issues (*cf. People v Madera*, 100 AD3d 1111, 1112; *People v Faul*, 81 AD3d 1246, 1247), "only very limited information about his alleged prior history of drug and alcohol abuse" (*People v Mabee*, 69 AD3d 820, 820, *lv denied* 15 NY3d 703), and no information about what treatment was recommended or why treatment was recommended (*see Madera*, 100 AD3d at 1112; *Faul*, 81 AD3d at 1247). Under these circumstances, the case

summary alone is insufficient "to satisfy the People's burden of establishing that risk factor by clear and convincing evidence" (*Madera*, 100 AD3d at 1112; *see Faul*, 81 AD3d at 1247-1248; *Mabee*, 69 AD3d at 820; *see also People v Judson*, 50 AD3d 1242, 1243).

Further, defendant's prior convictions for criminal possession and sale of marihuana and criminal possession of a controlled substance in the seventh degree do not constitute clear and convincing evidence that defendant used drugs, let alone that he had a history of abusing them (*see Madera*, 100 AD3d at 1112; *People v Irizarry*, 36 AD3d 473, 473; *People v Collazo*, 7 AD3d 595, 596; *cf. People v Abrams*, 76 AD3d 1058, 1058-1059, *lv denied* 16 NY3d 703; *People v Vaughn*, 26 AD3d 776, 777). During the presentence investigation, defendant never admitted to using drugs or alcohol, and he denied abusing any substances at the SORA hearing (*cf. People v Zimmerman*, 101 AD3d 1677, 1678; *People v Mundo*, 98 AD3d 1292, 1293, *lv denied* 20 NY3d 855; *People v Urbanski*, 74 AD3d 1882, 1883, *lv denied* 15 NY3d 707). Defendant's admission that he was intoxicated during a previous incident, which led to a rape charge that was subsequently dismissed, is insufficient to establish that his sexual misconduct can "be characterized by repetitive and compulsive behavior[] associated with drugs or alcohol" (Correction Law § 168-l [5] [a] [ii]), especially because defendant does not have any other history of intoxication with respect to his sexual offenses, including the instant offenses (*see People v Palmer*, 20 NY3d 373, 378-379; *People v Vasquez*, 49 AD3d 1282, 1283). Consequently, as noted, the People failed to meet their burden of establishing by clear and convincing evidence that defendant had a history of alcohol or drug abuse (*see Palmer*, 20 NY3d at 378-380; *Faul*, 81 AD3d at 1247-1248). We thus conclude that County Court erred in assessing 15 points on the RAI for risk factor 11 and that defendant's score on the RAI must be reduced from 110 to 95, rendering him a presumptive level two risk. We therefore modify the order accordingly.

Entered:  July 19, 2013                    Frances E. Cafarell
                                           Clerk of the Court