■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD S. ROSS, Appellant. [983 NYS2d 364]—

Peters, P.J. Appeal from an order of the County Court of Broome County (Smith, J.), entered September 28, 2012, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 2011, defendant pleaded guilty to one count of rape in the third degree and was sentenced pursuant to the plea agreement to a prison term of 1½ years followed by five years of post-release supervision. In anticipation of his release, the Board of Examiners of Sex Offenders presumptively classified defendant as a risk level three sex offender, assessing a total of 110 points on the risk assessment instrument. Following a risk assessment hearing, County Court accepted the Board's risk factor scoring, denied defendant's request for a downward departure and classified defendant as a risk level three sex offender. Defendant now appeals, arguing that he should not have been assessed 15 points under risk factor 11 for a history of drug or alcohol abuse.

Here, there is no indication on this record that either drugs or alcohol played a role in the offense at issue herein or in de-

---

fendant's prior sex offense. County Court relied on defendant's 1992 convictions for criminal sale of a controlled substance in the third degree, his 2002 conviction for criminal possession of a controlled substance in the seventh degree, and his 2009 conviction for driving while ability impaired. However, in our view these widely spaced incidents are not of the nature or degree to establish a pattern of drug or alcohol use by clear and convincing evidence (*see* Correction Law § 168-l [5] [a] [ii]; *People v Leach*, 106 AD3d 1387, 1388 [2013]). The 1992 convictions, as well as other information relied upon in the case summary pertaining to defendant's drug and/or alcohol use at that time, are excessively remote (*see People v Irizarry*, 36 AD3d 473, 473 [2007]), and his 2002 conviction for criminal possession of a controlled substance in the seventh degree does not prove drug use (*see People v Coger*, 108 AD3d 1234, 1235 [2013]; *People v Madera*, 100 AD3d 1111, 1112 [2012]), leaving his 2009 conviction for driving while ability impaired as the sole evidence of defendant's substance abuse within the past 20 years (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; *People v Coger*, 108 AD3d at 1235). Accordingly, we conclude that defendant's score on the risk assessment instrument must be reduced from 110 to 95, rendering him a presumptive level two sex offender (*see People v Palmer*, 20 NY3d 373, 378-380 [2013]; *People v Coger*, 108 AD3d at 1235-1236).

Garry, Rose and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level two sex offender under the Sex Offender Registration Act.