*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                519803
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

JIMMY DAVIS,
                        Appellant.
_____

Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.

_____

Garry, J.

Appeal from an order of the Supreme Court (Breslin, J.), entered July 31, 2013 in Albany County, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1988 in Colorado, defendant pleaded guilty to sexual assault in the second degree and was sentenced to six years in prison.  After his release from prison, defendant relocated to Albany County and was required to register as a sex offender.  To that end, the People submitted a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), which assessed 120 points against defendant and presumptively classified him as a risk level III sex offender.

Following a hearing, Supreme Court declined defendant's request for a downward departure and classified defendant as a risk level III sex offender. Defendant appeals.

Defendant contends that his risk level III classification is not supported by clear and convincing evidence, particularly with regard to the assignment of 15 points in risk factor 11 for history of drug and alcohol abuse. We agree. The People bear the burden of proving the facts supporting the determination of a defendant's risk level by "clear and convincing evidence" (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 571 [2009]). Here, there is no indication in the record that drugs or alcohol played a role in the instant offense. In assessing defendant points for a history of drug and alcohol abuse, the People relied on defendant's failure to comply with a parole condition that he attend a drug and alcohol treatment program. There is, however, no information to indicate that defendant was screened for substance abuse issues nor does the record reflect any reason why substance abuse treatment was a condition to parole (see People v Coger, 108 AD3d 1234, 1235 [2013]). Furthermore, the condition placed on defendant over 20 years ago is excessively remote (see People v Ross, 116 AD3d 1171, 1172 [2014]; People v Irizarry, 36 AD3d 473, 473 [2007]). Absent other evidence demonstrating a history of substance abuse, we find that the People failed to establish by clear and convincing evidence that the 15-point assessment for history of drug and alcohol abuse is proper (see People v Palmer, 20 NY3d 373, 378-380 [2013]; People v Mabee, 69 AD3d 820, 820 [2010], lv denied 15 NY3d 703 [2010]; compare People v Brownell, 66 AD3d 1060, 1061 [2009]). Accordingly, defendant's score on the risk assessment instrument would be reduced from 120 to 105, rendering him a presumptive risk level II sex offender. Nevertheless, the record reflects that Supreme Court also factored in that the risk assessment instrument did not include points for defendant's felony conviction of failure to register, for which 10 points are assessed, and this would elevate defendant's risk assessment level. In view of this, we decline to disturb the classification of defendant as a risk level III sex offender. Defendant's remaining contentions, to the extent that they are properly before us, are unpersuasive.

Peters, P.J., Rose and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court