■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY MORRELL, Appellant. [31 NYS3d 561]—Appeals by the defendant from (1) an order of the Supreme Court, Nassau County (Delligatti, J.), dated October 10, 2013, which, after a hearing, designated him, inter alia, a level two sex offender pursuant to Correction Law article 6-C, and (2) a decision of the same court dated October 11, 2013.

Ordered that appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Wyatt*, 89 AD3d 112, 117-118 [2011]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d 563, 573 [2009]; *People v Stapleton*, 125 AD3d 951 [2015]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter SORA Guidelines] at 5 [2006]).

Contrary to the defendant's contention, the People presented clear and convincing evidence that the victim was seven years old at the time of the underlying sex offense. Thus, the

Supreme Court properly assessed 30 points under risk factor 5 (*see* SORA Guidelines at 11). Further, the court correctly assessed 15 points under risk factor 11, as the People established, by clear and convincing evidence, that the defendant had a history of drug or alcohol abuse (*see People v Palmer*, 20 NY3d 373, 377-378 [2013]; *People v Jamison*, 127 AD3d 947 [2015]; *People v Dallas*, 122 AD3d 698, 699 [2014]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.

Accordingly, the Supreme Court properly designated the defendant, inter alia, a level two sex offender. Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.