■ The People of State of New York, Respondent, v Raymond Hernaiz, Appellant. [60 NYS3d 73]—Appeal by the defendant from an order of the Supreme Court, Queens County (Gerald, J.), dated June 10, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 11 (drug or alcohol abuse). The assessment of these points was supported by clear and convincing evidence in the record, including the defendant's statements in the presentence report (*see People v Villanueva*, 143 AD3d 794 [2016]; *People v Morrell*, 139 AD3d 835, 836 [2016]; *People v Palacios*, 137 AD3d 761, 762 [2016]; *People v Torres*, 124 AD3d 744, 745 [2015]).

The Supreme Court did not err in denying the defendant's request for a downward departure to risk level two. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act: Risk Assessment Guidelines and Commentary; hereinafter Guidelines]; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Wallace*, 144 AD3d 775 [2016]). If the defendant "surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (*People v Gillotti*, 23 NY3d at 861; *see People v Wyatt*, 89 AD3d at 128).

Here, the defendant failed to sustain his burden of proof in support of his request for a downward departure. The mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines, or were not proven by a preponderance of the evidence (*see People v Velasquez*, 145 AD3d 924 [2016]; *People v Rossano*, 140 AD3d 1042, 1043 [2016]; *People v Sanchez*, 138 AD3d 946, 947 [2016]; *People v Santiago*, 137 AD3d 762, 764 [2016]). Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and adjudicated him a level three sex offender (*see People v Rukasov*, 132 AD3d 748 [2015]; *People v Nethercott*, 119 AD3d 918 [2014]).

In light of our determination, we need not address the defendant's remaining contention. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.