Aarons, J.
 

 Appeal from an order of the County Court of Madison County (McDermott, J.), entered May 28, 2015, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
 

 When he was 19 years of age, defendant had sexual intercourse with a 13-year-old female whom he had met through a neighbor and believed was 17 years of age. As a result, he pleaded guilty to attempted rape in the second degree and was sentenced to 11 months in jail. Prior to his release, the People submitted to County Court a risk assessment instrument (hereinafter RAI) and accompanying memorandum requesting that defendant be classified as a presumptive risk level two sex offender under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). County Court convened a brief hearing, but did not take any testimony, and issued its decision based on documentary evidence submitted. The court ruled that, although defendant scored 100 under the RAI, putting him in a presumptive risk level two sex offender classification, 20 additional points should be added for risk factor 8 because defendant was less than 20 years old when he committed the crime. This raised defendant’s score to 120, resulting in his classification as a presumptive risk level three sex offender. Defendant appeals.
 

 Under SORA, “ ‘[t]he People must establish the proper risk level classification by clear and convincing evidence, which may include reliable hearsay such as the [RAI], case summary, presentence investigation report and statements provided by the victim to police’ ” (People v Darrah, 153 AD3d 1528, 1528 [2017], quoting People v Good, 88 AD3d 1037, 1037 [2011], lv denied 18 NY3d 802 [2011]; see Correction Law § 168-n [3]; People v Davis, 135 AD3d 1256, 1256 [2016], lv denied 27 NY3d 904 [2016]). The People concede, and we agree, that County Court improperly assigned 20 points to risk factor 8, addressing defendant’s young age at the time of the commission of the crime. Under the RAI, the maximum number of points that could be allocated to this risk factor was 10. Assigning 10 points reduces defendant’s score to 110, but still places him in the classification of a presumptive risk level three sex offender.
 

 Defendant further argues that County Court erred in assigning points to his score under risk factor 11, which provides that a maximum of 15 points may be assigned based upon a defendant’s history of drug or alcohol abuse. We agree. “[T]he drug or alcohol abuse category only applies in instances where the offender had a history of alcohol or drug abuse or where the offender consumed sufficient quantities of these substances such that the offender can be shown to have abused alcohol or drugs” (People v Palmer, 20 NY3d 373, 378 [2013]). Evidence of social or occasional use of drugs or alcohol “does not establish a history of drug or alcohol abuse by clear and convincing evidence” (People v Titmas, 46 AD3d 1308, 1309 [2007]; see People v Palmer, 20 NY3d at 379).
 

 County Court appears to have relied upon the presentence investigation report in obtaining information on risk factor 11 and assigning 15 points.
 
 *
 
 Although the report reveals that defendant first used alcohol and marihuana when he was 17 years old and had previously tested positive for marihuana while on probation for another crime, there is nothing to indicate that he has a history of drug or alcohol abuse as contemplated by the SORA risk assessment guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see also People v Madera, 100 AD3d 1111, 1112 [2012]; People v Titmas, 46 AD3d at 1309). The record does not demonstrate any pattern of drug or alcohol abuse (see People v Leach, 106 AD3d 1387, 1388 [2013]), such as on a daily basis (see People v Legall, 63 AD3d 1305, 1306 [2009], lv denied 13 NY3d 706 [2009]).
 

 In view of the foregoing, we find that clear and convincing evidence does not support the assignment of 15 points to defendant’s score for risk factor 11 (see People v Davis, 135 AD3d at 1256-1257; People v Arotin, 19 AD3d 845, 848 [2005]; compare People v Pavlisak, 115 AD3d 1132, 1133 [2014], lv denied 23 NY3d 907 [2014]). Subtracting 15 points from petitioner’s score of 110 leaves defendant with a score of 95, placing him in the classification of a presumptive risk level two sex offender, which is the risk level classification that was recommended by the People. Accordingly, County Court’s order must be reversed and defendant must be classified as a risk level two sex offender. Given our disposition, we need not address defendant’s remaining claims.
 

 Peters, P.J., Garry, Clark and Pritzker, JJ., concur.
 

 Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level two sex offender under the Sex Offender Registration Act.
 

 *
 

 We note that, in making its assessment, County Court also relied upon sworn statements of the victim and defendant. These statements, however, have not been included in the record on appeal.