People v Liddle (2018 NY Slip Op 02222)





People v Liddle


2018 NY Slip Op 02222


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

522965

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMES C. LIDDLE, Appellant.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


George P. Ferro, Albany, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Albany County (Herrick, J.), entered April 4, 2016, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty in Florida to attempted lewd and lascivious assault upon a child in 2000, stemming from his admitted conduct in subjecting a 13-year-old girl to three-way sexual conduct on three separate occasions, with the participation of an 18-year-old codefendant. Defendant later relocated to New York, apparently in 2016, and was required to register as a sex offender. To that end, the People submitted a risk assessment instrument pursuant to the Sex Offender
Registration Act (see Correction Law art 6-C [hereinafter SORA]) assessing 80 points against defendant, presumptively classifying him as a risk level two sex offender. Following a hearing, County Court classified defendant as a risk level two sex offender. Defendant appeals.
We affirm. Under SORA, "[t]he People must establish the proper risk level classification by clear and convincing evidence, which may include reliable hearsay such as the risk assessment instrument, case summary, presentence investigation report and statements provided by the victim to the police" (People v Darrah, 153 AD3d 1528, 1528 [2017] [internal quotation marks and citation omitted]; see Correction Law § 168—n [3]; People v Mingo, 12 NY3d 563, 571-572 [2009]). Defendant's sole contention on appeal is that County Court erred in adding 15 points to his score under risk factor 11 based upon his history of alcohol and drug [*2]abuse. We cannot agree.
Assessment of points under risk factor 11 is appropriate where an offender has "a history of drug or alcohol abuse" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, risk factor 11 [2006]; accord People v Palmer, 20 NY3d 373, 378 [2013]). In assessing points under this risk factor, the People relied upon evidence that defendant had been required to obtain substance abuse treatment as a result of the underlying crime and that, in the 10 years prior to the SORA hearing, he had been convicted of criminal possession of marihuana and driving under the influence of alcohol. In his written submission in these proceedings, defendant admitted that, in 2011, he had experienced an "alcohol fueled downward spiral" (see People v Hernaiz, 152 AD3d 803, 804 [2017], lv denied 30 NY3d 906 [2017]; People v Price, 148 AD3d 847, 847 [2017], lv denied 29 NY3d 910 [2017]). While he has reportedly been sober since 2012 and remained in active substance abuse treatment as of the 2016 SORA hearing, we find that points were appropriately assessed under risk factor 11 based upon his extensive history of alcohol abuse (see People v Morrell, 139 AD3d 835, 836 [2016], lv dismissed and denied 28 NY3d 947 [2016]; People v Snyder, 133 AD3d 1052, 1052 [2015], lv denied 27 NY3d 902 [2016]; People v Griest, 133 AD3d 1062, 1062 [2015]; People v Gallagher, 129 AD3d 1252, 1254 [2015], lv denied 26 NY3d 908 [2015]; cf. People v Saunders, 156 AD3d 1138, 1139-1140 [2017]; People v Davis, 135 AD3d 1256, 1256 [2016], lv denied 27 NY3d 904 [2016]; People v Ross, 116 AD3d 1171, 1172 [2014]). Notwithstanding his argument that he no longer represents a danger to society, it has been recognized that "[a]lcohol and drug abuse are highly associated with sex offending . . . not [because they] cause deviate behavior [but,] rather, [because they] serve[] as a disinhibitor and therefore [are] a precursor to offending" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see Correction Law § 168-l [5] [a] [ii])[FN1]. Accordingly, we find that defendant was properly classified as a risk level two sex offender.
Egan Jr., J.P., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although defendant requested a downward departure to a risk level one classification at the SORA hearing, he did not brief this issue, which we deem to have been abandoned (see People v Shackelton, 117 AD3d 1283, 1284 n [2014]).