People v Sharrock (2018 NY Slip Op 03716)





People v Sharrock


2018 NY Slip Op 03716


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2011-06517

[*1]People of State of New York, respondent, 
v
Clarence Sharrock, appellant.


Clare J. Degnan, White Plains, NY (David B. Weisfuse of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended order of the County Court, Westchester County (Susan Cacace, J.), entered May 20, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the amended order is affirmed, without costs or disbursements.
The defendant appeals from an amended order, made after a hearing, designating him a level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C).
Contrary to the defendant's contention, the County Court properly assessed 30 points against him under risk factor 5 of the risk assessment instrument, since the People established, by clear and convincing evidence, that the victim was 10 years old when the sexual misconduct by the defendant against her began (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006]; People v Morrell, 139 AD3d 835, 835-836). Contrary to the defendant's further contention, the court properly assessed 15 points against him under risk factor 11, since the People established, by clear and convincing evidence, that the defendant had a history of drug or alcohol abuse (see People v Dipilato, 155 AD3d 792, 793; People v Dallas, 122 AD3d 698, 699).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court