People v LaShomb (2018 NY Slip Op 03784)





People v Lashomb


2018 NY Slip Op 03784


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

524919

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRYAN L. LaSHOMB, Appellant.

Calendar Date: April 25, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Linda M. Campbell, Syracuse, for appellant.
William G. Gabor, District Attorney, Wampsville (Elizabeth S. Healy of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Madison County (McDermott, J.), entered March 28, 2017, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to one count of rape in the first degree in October 2011 and was sentenced to a prison term of six years followed by 14 years of postrelease supervision. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level three sex offender (145 points) under the Sex Offender Registration Act (see Correction Law art 6-C). Following a hearing, County Court classified defendant as a risk level three sex offender and
designated him as a sexually violent offender. Defendant now appeals.
"The People must establish the proper risk level classification by clear and convincing evidence, which may include reliable hearsay such as the risk assessment instrument, case summary, presentence investigation report and statements provided by the victim to police" (People v Darrah, 153 AD3d 1528, 1528 [2017] [internal quotation marks and citations omitted]; see People v Saunders, 156 AD3d 1138, 1139 [2017]). At the hearing, defendant contested the points assessed under risk factors 7 (relationship with victim), 8 (age at first sex crime), 11 (drug or alcohol abuse), 12 (acceptance of responsibility) and 13 (conduct while confined). Upon reviewing the record as a whole and taking into consideration the documentary evidence adduced by the People, we find defendant's various challenges to the points imposed to be unavailing and, [*2]accordingly, affirm County Court's order.
With respect to risk factor 7, which "requires the People to establish that the crime 'was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization'" (People v Parisi, 147 AD3d 1162, 1163-1164 [2017], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]), the record reflects that defendant met the 12-year-old victim online and that the two thereafter exchanged text messages — "some of which were sexual in nature." Defendant then accepted the victim's invitation to visit her home, which he entered via the victim's bedroom window after her parents had gone to bed, and — despite learning that the victim was underage — defendant engaged in sexual intercourse with her. Notably, both the victim's and defendant's statements to law enforcement make clear that they discussed having sex with one another prior to their first sexual encounter, and the record reflects that defendant continued to engage in sexual activity with the victim even after she revealed her true age. Under these circumstances, we reject defendant's characterization of his relationship with the victim as boyfriend and girlfriend and find that the assessment of 20 points under this risk factor was entirely proper (see People v Gifford, 144 AD3d 1678, 1679 [2016], lv denied 28 NY3d 915 [2017]; People v Walker, 125 AD3d 1516, 1517 [2015]; People v Washington, 91 AD3d 1277, 1277 [2012], lv denied 19 NY3d 801 [2012]).
As for defendant's challenge to risk factor 8, which provides for the assessment of 10 points when the offender was "20 [years old] or less" at the time of his or her first sex crime (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]), counsel acknowledged at the hearing — and the record otherwise establishes — that defendant was 20 years old at the time of the instant offense, thus supporting the 10 points assessed under this risk factor. Defendant's challenge to the 15 points assessed under risk factor 11 is equally unavailing, as defendant's own statements establish a history of alcohol and marihuana abuse, and the case summary reflects that defendant engaged in substance abuse counseling while confined and previously attended Alcoholics Anonymous meetings. In short, we are satisfied that defendant's use of alcohol and marihuana transcends the mere social or occasional use of such substances (compare People v Saunders, 156 AD3d at 1139-1140).
Finally, even assuming, without deciding, that County Court should not have employed the doctrine of collateral estoppel to preclude defendant from offering proof upon his own behalf with respect to risk factors 12 and 13, we discern no basis upon which to disturb the court's risk level classification. Defendant's institutional record and unwillingness to re-engage in counseling speaks for itself, and the People's proof in this regard fully supports the points assessed under these risk factors. Moreover, even accepting defendant's claim that he should not have been assessed any points in this regard, County Court nonetheless properly classified defendant as a risk level three sex offender. As the court noted and counsel acknowledged, deducting the combined 35 points assessed under risk factors 12 and 13 still results in a presumptive risk level three classification (110 points) — a classification that is fully supported by the record before us. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.