People v Madonna (2018 NY Slip Op 08789)





People v Madonna


2018 NY Slip Op 08789


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1081 KA 17-00483

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ZACHARIAH A. MADONNA, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), dated November 4, 2016. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We agree with defendant that the People failed to prove by the requisite clear and convincing evidence that he had a history of alcohol and drug abuse (see generally § 168-d [3]). We thus conclude that County Court erred in assessing 15 points on the risk assessment instrument (RAI) for risk factor 11 and that defendant's score on the RAI must be reduced from 85 to 70, rendering him a presumptive level one risk. We therefore modify the order accordingly.
The SORA Risk Assessment Guidelines and Commentary for risk factor 11 state in relevant part that "[a]lcohol and drug abuse are highly associated with sex offending . . . The guidelines reflect this fact by adding 15 points if an offender has a substance abuse history . . . It is not meant to include occasional social drinking. In instances where the offender abused drugs and/or alcohol in the distant past, but his more recent history is one of prolonged abstinence, the . . . court may choose to score zero points in this category" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). At the SORA hearing, the People presented evidence that defendant drank one can of beer each month. We agree with defendant that such evidence was insufficient to warrant the assessment of points under risk factor 11 (see People v Palmer, 20 NY3d 373, 378-379 [2013]). The People also presented evidence that defendant smoked marihuana in his teenage years and early twenties, but thereafter participated in a drug treatment program and, at the time of the presentence interview, had not smoked marihuana for four years. We agree with defendant that the People's evidence established that his recent history of drug use was one of prolonged abstinence and was also insufficient to warrant the assessment of points under risk factor 11 (see People v Faul, 81 AD3d 1246, 1248 [4th Dept 2011]; People v Wilbert, 35 AD3d 1220, 1221 [4th Dept 2006]; People v Abdullah, 31 AD3d 515, 516 [2d Dept 2006]).
In light of our determination, defendant's remaining contentions are academic.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court