People v Leon (2019 NY Slip Op 03388)





People v Leon


2019 NY Slip Op 03388


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2012-00289

[*1]People of State of New York, respondent, 
v
Enrique Leon, appellant. Janet E. Sabel, New York, NY (Amy Donner) for appellant.


Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of Supreme Court, Queens County (Richard L. Buchter, J.), dated December 14, 2011. The order, after a hearing, designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.
At a hearing to establish a sex offender's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Cook, 29 NY3d 121, 125). In order to support the assessment of points under risk factor 11, "Drug or Alcohol Abuse," "the People must show by clear and convincing evidence that the offender used [drugs or] alcohol in excess either at the time of the crime or repeatedly in the past" (People v Palmer, 20 NY3d 373, 378). Here, there was no evidence presented as to the defendant's use of drugs or alcohol at the time of the offense, and insufficient evidence that he abused drugs and alcohol repeatedly in the past (see People v Trotter, 163 AD3d 729, 730; People v Madison, 153 AD3d 737, 738; People v Coger, 108 AD3d 1234, 1235). Without the assessment of points under risk factor 11, the defendant's point total was 100, which is within the range for a presumptive level two designation. Accordingly, the Supreme Court should have designated the defendant a level two sex offender.
In light of our determination, we need not address the defendant's remaining contention.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court