People v Kowal (2019 NY Slip Op 06325)





People v Kowal


2019 NY Slip Op 06325


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


669 KA 18-01799

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH KOWAL, DEFENDANT-APPELLANT. 






DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Cayuga County Court (Thomas G. Leone, J.), entered June 13, 2018. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). On appeal, defendant contends that County Court erred in assessing him 15 points under risk factor 11 and 10 points under risk factor 12.
Risk factor 11 applies "where the offender had a history of alcohol or drug abuse or where the offender consumed sufficient quantities of these substances such that the offender can be shown to have abused alcohol or drugs" (People v Palmer, 20 NY3d 373, 378 [2013]). A " history' " of substance " abuse' " within the meaning of risk factor 11 exists only when there is a "pattern of drug or alcohol use in [the] defendant's history" (People v Leach, 106 AD3d 1387, 1388 [3d Dept 2013]). Thus, "[e]vidence of social or occasional use of drugs or alcohol does not establish a history of drug or alcohol abuse by [the requisite] clear and convincing evidence' " (People v Saunders, 156 AD3d 1138, 1139 [3d Dept 2017]; see People v Coger, 108 AD3d 1234, 1235-1236 [4th Dept 2013]; People v Faul, 81 AD3d 1246, 1247-1248 [4th Dept 2011]).
Here, the People did not establish by clear and convincing evidence that defendant had the requisite pattern of drug use, and there is no "indication in the record that drugs . . . played a role in the instant offense" (People v Davis, 135 AD3d 1256, 1256 [3d Dept 2016], lv denied 27 NY3d 904 [2016]). Indeed, the case summary prepared by the Board of Examiners of Sex Offenders (Board) in 2018 states only that defendant once tested positive for marijuana in 2006, and that he once admitted to using marijuana before committing an unrelated, nonsexual crime in 2007. Such evidence establishes only social or occasional drug usage, not the history of drug abuse necessary to assess points under risk factor 11 (see Saunders, 156 AD3d at 1140; Coger, 108 AD3d at 1235-1236; cf. People v Merkley, 125 AD3d 1479, 1479 [4th Dept 2015]). Our conclusion regarding risk factor 11 is further supported by the fact that the Department of Corrections and Community Supervision (DOCCS) declined to enroll defendant in a prison-based drug treatment program after determining, during its intake screening process, that he was not a substance abuser and did not need substance abuse treatment (see People v Arotin, 19 AD3d 845, 848 [3d Dept 2005]).
Contrary to the People's contention, the hearsay statement by defendant's ex-wife that he [*2]is a "marijuana addict" is entitled to no weight. Not only is that statement conclusory and unsupported by any other evidence, nothing in the record suggests that defendant's ex-wife is qualified to diagnose addiction. The ex-wife's statement is also particularly suspect because it contradicts the conclusion of DOCCS's substance-abuse screening process. In any event, given defendant's denial of a substance abuse problem, his ex-wife's hearsay statement is insufficient to constitute clear and convincing evidence of its truth (see generally People v Warrior, 57 AD3d 1471, 1472 [4th Dept 2008]). Indeed, courts have rejected the assessment of points under risk factor 11 that were based on conclusory hearsay with far greater indicia of reliability than the statement by defendant's ex-wife in this case (see e.g. Coger, 108 AD3d at 1235; People v Madera, 100 AD3d 1111, 1112 [3d Dept 2012]).
We further agree with defendant that the court erred in assessing him 10 points under risk factor 12, for failure to accept responsibility, given that he "pleaded guilty, admitted his guilt, appeared remorseful when interviewed in connection with the preparation of a presentence report, and apologized" for his conduct (People v Chiu, 123 AD3d 896, 896 [2d Dept 2014]; see also People v Munafo, 119 AD3d 1102, 1103 [3d Dept 2014]). Defendant never thereafter denied engaging in the charged conduct and, although he told various officials that he was unaware of the victim's age when he first had sexual contact with her, he also admitted that he continued engaging in such conduct after discovering her true age. Thus, "[i]n context, [defendant's] description of how his relationship with the underage victim commenced was not an attempt to shift blame or minimize his guilt" (Chiu, 123 AD3d at 896; cf. People v Lerch, 66 AD3d 1088, 1088 [3d Dept 2009], lv denied 13 NY3d 715 [2010]; People v Baker, 57 AD3d 1472, 1473 [4th Dept 2008], lv denied 12 NY3d 706 [2009]). Indeed, pointing out a mitigating aspect of one's conduct is not necessarily inconsistent with accepting responsibility for that conduct.
The remaining statements upon which the court relied in determining that defendant failed to accept responsibility cannot be reliably attributed to defendant himself. As the Board noted in declining to assess any points under risk factor 12, "it is unclear if [defendant] genuinely accepts responsibility for his actions in the instant offense" and, in light of that uncertainty, the People failed to meet their burden of proof with respect to that risk factor (see generally People v Mingo, 12 NY3d 563, 571 [2009]).
Subtracting the 15 points erroneously assessed under risk factor 11 and the 10 points erroneously assessed under risk factor 12 renders defendant a presumptive level two sex offender. We therefore modify the order accordingly.
Finally, although defendant correctly contends, and the People correctly concede, that the court should have applied a preponderant evidence standard rather than a clear and convincing evidence standard to his request for a downward departure (see People v Gillotti, 23 NY3d 841, 860-861 [2014]), we need not remit the matter because the record is sufficient for us to review defendant's request under the proper standard (see Merkley, 125 AD3d at 1479). Applying the proper standard, and even assuming, arguendo, that defendant satisfied his burden at the first and second steps of the downward departure analysis (see generally Gillotti, 23 NY3d at 861), at the third step of that analysis we have "weigh[ed] the aggravating and mitigating factors [and] determin[ed that] the totality of the circumstances" do not warrant a downward departure to level one (id.; see People v Green, 137 AD3d 498, 498 [1st Dept 2016]; People v Belile, 108 AD3d 890, 891 [3d Dept 2013], lv denied 22 NY3d 853 [2013]; cf. People v Weatherley, 41 AD3d 1238, 1238-1239 [4th Dept 2007]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court