People v Mascorro (2019 NY Slip Op 08430)





People v Mascorro


2019 NY Slip Op 08430


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-14943

[*1]People of State of New York, respondent,
v
Victor Mascorro, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Richard M. Hoover on the brief), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jill Oziemblewski and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered October 11, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408; People v Mingo, 12 NY3d 563, 571). In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, the parole officer, or the corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders, or any other reliable source, including reliable hearsay (see People v Mingo, 12 NY3d at 571-573; People v Villanueva, 143 AD3d 794; People v Morrell, 139 AD3d 835).
We agree with the Supreme Court's determination to assess the defendant 15 points under risk factor 11. The assessment of these points was supported by clear and convincing evidence in the record, including the grand jury testimony of the victim and her mother, that the defendant abused alcohol and became violent when drinking (see People v Padgett, 170 AD3d 1054; People v Rosario, 164 AD3d 625, 626; People v Zavala, 114 AD3d 653). We also agree with the court's determination to assess the defendant 15 points under risk factor 12 based upon clear and convincing evidence in the record that the defendant failed to accept responsibility for his crimes, and that he was expelled from a sex offender treatment program (see People v George, 142 AD3d 1059, 1060; People v Valdez, 123 AD3d 785; People v Ologbonjaiye, 109 AD3d 804, 804; People v Harris, 100 AD3d 727, 728; People v Pratt, 61 AD3d 836). Accordingly, we agree with the court's determination designating the defendant a level three sex offender.
In light of our determination, we need not reach the defendant's remaining contention.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court