People v Brown (2019 NY Slip Op 08746)





People v Brown


2019 NY Slip Op 08746


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

526677

[*1]The People of the State of New York, Respondent,
v
Willie J. Brown, Appellant.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


George J. Hoffman Jr., East Greenbush, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.


Colangelo, J.
Appeal from an order of the Supreme Court (Breslin, J.), entered March 8, 2018 in Albany County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Following a jury trial, defendant was convicted of rape in the first degree, sodomy in the first degree (two counts) and robbery in the second degree and was sentenced to an aggregate prison term of 25 to 50 years. The conviction was affirmed upon appeal (People v Brown, 232 AD3d 750 [1996], lv denied 89 NY2d 940 [1997]). In advance of defendant's conditional release on parole supervision, a risk assessment instrument was submitted by the Board of Examiners of Sex Offenders that presumptively classified defendant as a risk level two sex offender. The People prepared their own risk assessment instrument seeking to add additional points in various categories, including, as is relevant to this appeal, 15 points under risk factor 11 for a history of drug and alcohol abuse, which resulted in a presumptive classification of defendant as a risk level three sex offender. Following a hearing, Supreme Court assessed a risk factor score of 110, classified defendant as a risk level three sex offender with a sexually violent offender designation and denied defendant's request for a downward departure. Defendant appeals.
Defendant contends that he was improperly assessed 15 points to his risk assessment score for his history of drug and alcohol abuse. We agree. The People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 571 [2009]; People v Secor, 171 AD3d 1314, 1315 [2019]). "[T]he drug or alcohol abuse category only applies in instances where the offender had a history of alcohol or drug abuse or where the offender consumed sufficient quantities of these substances such that the offender can be shown to have abused alcohol or drugs" (People v Palmer, 20 NY3d 373, 378 [2013]; accord People v Saunders, 156 AD3d 1138, 1139 [2017]). "Evidence of social or occasional use of drugs or alcohol does not establish a history of drug or alcohol abuse by clear and convincing evidence" (People v Saunders, 156 AD3d at 1139 [internal quotation marks and citations omitted).
There is no indication in the record that either drugs or alcohol played a role in the instant offenses. Evidence with regard to defendant's use of alcohol reflects only that of an occasional user, which is insufficient to establish a history of alcohol abuse (see People v Titmas, 46 AD3d 1308, 1309 [2007]) [20]. With regard to drug use, defendant, who was 34 years old at the time of instant offenses, acknowledged during his interview with probation officials that he had regularly used marihuana from the time he was 16 years old until he was 23 years old. Defendant reported that, prior to moving to this area in 1987, he had used cocaine once during his incarceration in Alabama and speed while working in the south, but denied any recent drug use. The information regarding defendant's use of drugs is in the distant past and excessively remote (see People v Ross, 116 AD3d 1171, 1172 [2014]) and, in any event, does not establish a pattern of drug abuse as contemplated by the Sex Offender Registration Act risk assessment guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; People v Saunders, 156 AD3d at 1140). In addition, the case summary reflects that, upon being screened by the Department of Corrections and Community Supervision, drug use was not an issue of concern with regard to defendant and he was not, at that time, referred to any alcohol or drug treatment program.
The remaining evidence with regard to defendant's history of drug or alcohol abuse is the general reference to defendant twice being referred to alcohol and drug abuse treatment programs during his 26 years of incarceration for the instant offense "presumptively" due to defendant receiving five tier III disciplinary sanctions for drug use. The most recent referral was several years ago, in 2012. We find that this is insufficient, by itself, to establish a pattern of drug or alcohol abuse by defendant (see e.g. People v Madera, 100 AD3d 1111, 1112 [2012]).
In view of the foregoing, we find that the assessment of 15 points to defendant's score for risk factor 11 is not supported by clear and convincing evidence (see People v Saunders, 156 AD3d at 1140; People v Davis, 135 AD3d 1256, 1256 [2016], lv denied 27 NY3d 904 [2016]; People v Ross, 116 AD3d at 1172; cf. People v Newman, 148 AD3d 1600, 1601 [2017], lv denied 29 NY3d 914 [2017]; People v Jamison, 127 AD3d 947, 947 [2015], lv denied 26 NY3d 901 [2015]; People v Tumminia, 112 AD3d 1002, 1003 [2013], lv denied 22 NY3d 864 [2014]; People v Guitard, 57 AD3d 751, 752 [2008], lv denied 12 NY3d 704 [2009]). Subtracting 15 points from defendant's score of 110 leaves him with a score of 95, placing him in the classification of a presumptive risk level two sex offender, which is the risk level recommended by the Board. Accordingly, Supreme Court's order must be reversed, and defendant must be classified as a risk level two sex offender. In view of the foregoing, we need not address defendant's remaining contention.
Garry, P.J., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and defendant is classified as a risk level two sex offender under the Sex Offender Registration Act.